UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY ARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:04CV1370 HEA |
| | ) |
| DAVE DORMIRE, | ) |
| | ) |
| Respondent, | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Mary Ann Medler, that the Petition for Writ of Habeas Corpus filed by Johnny Ard pursuant to 28 U.S.C. § 2254, [#1], be dismissed. Judge Medler has also recommended that any motion by Petitioner Ard for a Certificate of Appealability be denied. Petitioner filed written exceptions and objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which objections have been made.

## **Background**

Petitioner Johnny Ard is currently incarcerated at the Jefferson City Correctional

Center. Petitioner was found guilty in the Circuit Court of Phelps County, Missouri of statutory rape in the first degree, in violation of Mo. Rev. Stat. § 566.032. The trial court also found Petitioner to be a prior offender pursuant to Mo. Rev. Stat. § 558.016, and a persistent offender pursuant to Mo. Rev. Stat. §§ 558.016 and 558.036 because he had pled guilty to four prior felonies. Thus, Petitioner was sentenced to fifty years imprisonment as a prior persistent offender. Judge Medler's Report and Recommendation contains details of the procedural background of the instant case, which is not contested by the Petitioner, so only a brief summary is reproduced here.

Petitioner appealed his conviction and sentence. On December 14, 2004, the Missouri Court of Appeals affirmed the judgment of the trial court in *State v. Ard*, 11 S.W.3d 829 (Mo. Ct. App. 2000). Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was dismissed for failure to prosecute. Petitioner appealed the dismissal of his 29.15 motion by the state motion court. The dismissal was reversed based upon the failure of the trial court to file Findings of Fact and Conclusions of Law. On remand, Petitioner was again denied post-conviction relief by the state motion court, which issued its Findings of Fact and Conclusions of Law. Petitioner thereafter appealed. The Missouri Court of Appeals

found no errors of law and affirmed the decision of the state motion court.[1] No other action was pursued by Petitioner in the state court. Petitioner's § 2254 Petition was signed by him on August 25, 2004. It was received and filed by the Court on October 8, 2004.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –

---

[1] It is noted that in his petition, Petitioner stated that he appealed the decision of the Missouri Appellate Court to the "highest state court," but the record does not show that Petitioner filed for transfer to the Missouri Supreme Court. However, *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) holds that Missouri law does not require the filing of a petition for transfer to the Missouri Supreme Court for state remedies to be deemed exhausted.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In reviewing a state court conviction, a federal court also presumes that a state court's factual determinations are correct; this presumption may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409. The

application must also be objectively unreasonable. *Id.* The Court will review Petitioner's claims under these standards.[2]

Petitioner's first objection to Judge Medler's Report and Recommendation reiterates Ground 1 of his initial Petition. Petitioner also claims that the state court's determination of the reliability of the victim's statements, which led to his arrest, was unreasonable and contrary to federal precedent. Petitioner argues that the state court's determination of the victim's reliability was unreasonable because there was no corroboration for her story, and the corroboration by her father was in stark contrast to the indicia of reliability and particularized guarantees of trustworthiness requirements mandated by the U.S. Supreme Court in *Idaho v. Wright*, 497 U.S. 805, 820 (1990). Petitioner goes on to argue that the subsequent arrest based on victim's statements was illegal and his subsequent confession was the fruit of a poisonous tree and should have been suppressed based on the U.S. Supreme Court case of *Wong Sun v. United States*, 371 U.S. 471 (1963).

This issue was first raised before the Missouri Court of Appeals, therefore it was reviewed under the plain error standard and no basis for relief was found. The Appellate

---

[2]Although Respondent contends that Petitioner's first and second objections are procedurally barred, because this court holds that Petitioner's first and second objections are without substantive merit, the court need not determine whether they are procedurally barred.

Court found as follows:

> Probable cause to arrest exists when the facts and circumstances within the knowledge of the arresting officers, and of which they have reasonably trustworthy information, are sufficient to warrant a belief by a person of reasonable caution that the person to be arrested has committed the crime for which he is being arrested [citations omitted] . . . A citizen who purports to be a victim of, or to have witnessed, a crime is a reliable informant even though his or her reliability has not theretofore been proven or tested [citation omitted] . . . In the instant case, [victim's] statement to [the arresting officer] that [Petitioner] had 'forced her to have sex' meant she was both a victim and a witness to the crime of statutory rape in the first degree

*Ard*, 11 S.W.3d at 828.

In order to be entitled to relief, Petitioner must show that the determination by the Missouri Court of Appeals that the victim's statements were reliable was contrary to, or involved an unreasonable application of, clearly established federal law.

The Court has reviewed Petitioner's exceptions and objections to Judge Medler's Report and Recommendation. Based on the applicable law, the Appellate Court's decision was not contrary to, nor was it an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Under federal law, probable cause exists where "the facts and circumstances within [arresting officers'] knowledge, and of which they had reasonably trustworthy information, [are]

sufficient in themselves to warrant a man of reasonable caution in the belief that [an offense has been or is being committed]" *Carroll v. United States*, 267 U.S. 132, 162 (1925). Moreover, under federal law, arresting officers are entitled to rely on the veracity of information supplied by the victim of a crime. *Kiser v. City of Huron*, 219 F.3d 814, 815-16 (8th Cir. 2000); *Anderson v. Cass County*, 367 F.3d 741, 746 (8th Cir. 2004). The record shows that the Missouri Appellate Court considered the facts and circumstances within the arresting officer's knowledge including the statements of the victim and her father, and found that there was probable cause for Petitioner's arrest. These findings are neither contrary to, nor unreasonable applications of, federal law.

With regard to Petitioner's claim that his detention for thirty six hours was in violation of the Fourth Amendment of the Constitution, the Court refers to *Stone v. Powell*, 428 U.S. 465, 494 (1976), wherein the U.S. Supreme Court held that where the state had provided an opportunity for full and fair litigation of a claim under the Fourth Amendment, state prisoners should not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. *Id.* Petitioner was given the opportunity to raise this issue at the state appellate level, and the Missouri Appellate Court ruled that the length of his detention, while in

excess of the time allowed by Missouri law, did not render his post-arrest statement involuntary because there was probable cause for the arrest. Furthermore, Petitioner has not claimed, nor does the record establish, that he did not have the opportunity to raise his Fourth Amendment claim through available Missouri procedures.

Accordingly, the Court finds that the decision of the state court regarding the issues raised in Petitioner's first objection is not contrary to federal law, and is a reasonable application of federal law. Therefore, Petitioner's objections are overruled.

Petitioner's second argument in his exceptions and objections also mirrors his Ground 2 of his initial Petition. Petitioner argued that Judge Medler failed to analyze his case under *Holbrook v. Flynn*, 475 U.S. 560 (1986), among other cases, based on the prosecutor's improper statements asking the jury to convict so that Petitioner would not victimize their children and break into their homes. *Holbrook* is distinguishable because the Court there was faced with deciding whether or not the presence of uniformed troopers in the courtroom prejudiced the defendants. *Id.* at 562. The petitioners in *Holbrook* were challenging the courtroom arrangement, not improper arguments from the prosecutor.

Other cases cited for support by Petitioner involved challenges to jury instructions given by the court as opposed to allegations of prosecutorial misconduct. *See Boyde v.*

*California*, 494 U.S. 370 (1990). Petitioner also cited to *Berger v. United States*, 295 U.S. 78 (1935) for support. However, *Berger* involved prosecutorial misconduct that rose to the level of unfair prejudice necessitating the granting of a new trial. The *Berger* Court found that the prosecutor was guilty of:

misstating the facts in his cross-examination of witnesses; of putting into the mouths of such witnesses things which they had not said; of suggesting by his questions that statements had been made to him personally out of court, with respect to which no proof was offered; of pretending to understand that a witness had said something which he had not said, and persistently cross-examining the witness upon that basis; of assuming prejudicial facts not in evidence; of bullying and arguing with witnesses; and in general, of conducting himself in a thoroughly indecorous and improper manner. *Id.* at 84. There is no evidence in the record that the statements of the prosecutor in the instant case rose to the level of impropriety of the prosecutor's conduct in *Berger*.

The controlling case for Petitioner's second argument is *Darden v. Wainwrigt*, 477 U.S. 168, 181 (1986), wherein the U.S. Supreme Court stressed that it is not enough that the prosecutor's remarks were undesirable or even universally condemned. The relevant question is whether the prosecutor's comments so infected the trial with

unfairness as to make the resulting conviction a denial of due process. *Id.* The *Darden* Court found that the prosecutor's improper statements did not infect the trial with the level of unfairness necessary to find a denial of due process even though the prosecutor made statements expressing his opinion that the defendant should be held on a leash by a prison guard, and he should have had his head blown off by a shotgun leaving him with no face. *Id.* at 181.

The *Darden* Court reasoned that the prosecutor's statements did not manipulate or misstate the evidence, nor did it implicate other specific rights of the accused such as the right to counsel or the right to remain silent. The *Darden* Court also noted that the weight of the evidence against the defendant was heavy, which reduced the likelihood that the jury's decision was influenced by the statement. *Id.* at 181 – 82. The same reasoning applies to the instant case because there was sufficient evidence independent of the prosecutor's statements for a conviction. The Court finds that the Missouri Appellate Court reasonably applied federal law to Petitioner's second argument, and its decision was not contrary to federal law. Therefore, Petitioner's second objection is overruled.

Petitioner's final objection is based on his claim that he received ineffective assistance of counsel when his trial counsel failed to call his brother-in-law and sister,

Bill and Heidi Cornell, as witnesses in his defense because they had red hair like the victim, and their presence in the truck would have raised reasonable doubt about the physical evidence of red hairs in Petitioner's truck. The Missouri Court of Appeals cited the proper standard for determining whether a criminal defendant has received effective assistance of counsel as set forth by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.*

The Missouri Appellate Court also noted that the jury had previously been made aware that Petitioner's sister and brother-in-law were in the car that night, and the physical evidence of red hairs in the truck was not critical to Petitioner's conviction. Petitioner's confession that he had sexual intercourse with the thirteen year old victim carried more weight in his conviction than the presence of the red hairs in his truck. The failure by his attorney to call his sister and brother-in-law as witnesses did not

significantly alter the weight of the evidence against Petitioner. Accordingly, Petitioner has not satisfied his burden under the *Strickland* standard to establish ineffective assistance of counsel. The Court finds that the Missouri Appellate Court's decision with regard to Petitioner's final claim was not contrary to, federal law, nor was it an unreasonable application of federal law. Petitioner's final objection is therefore overruled.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that 'issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.' *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and as discussed herein, the Court finds that Petitioner Ard has not made a substantial showing of the denial of a constitutional right.

The Court therefore overrules Petitioner's objections and adopts Judge Medler's Report and Recommendation.

Accordingly,

12

**IT IS HEREBY ORDERED** that the Petition of Johnny Ard for Writ of Habeas Corpus, [#1], pursuant to 28 U.S.C. § 2254 is dismissed in its entirety;

**IT IS FURTHER ORDERED** that any motion by Petitioner for a Certificate of Appealability will be denied, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 23rd day of March, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE